


04/20/2016

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **KIMBERLEY J. MELCHIORRE** | § | Case No. 15-40939 |
| xxx-xx-4478 | § | |
| 3605 S. Echo Trail, Plano, TX 75023-6106 | § | |
| | § | |
| Debtor | § | Chapter 7 |

| | | |
|---|---|---|
| JERAMY MELCHIORRE | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Adversary No. 15-4094 |
| | § | |
| KIMBERLEY J. MELCHIORRE | § | |
| | § | |
| | § | |
| Defendant | § | |

## MEMORANDUM OF DECISION[1]

ON THIS DATE the Court considered the Motion for Summary Judgment (the "Motion") filed by the Plaintiff, Jeramy Melchiorre ("Plaintiff"), in the above-referenced adversary proceeding and the response in opposition to the Motion filed by the Defendant, Kimberley J. Melchiorre ("Defendant" or "Debtor"). The Plaintiff's original complaint seeks a determination of whether a judgment debt owed to the Plaintiff by the Debtor, should be excepted from discharge pursuant to the provisions of 11 U.S.C.

[1] This Memorandum of Decision is not designated for publication and shall not be considered as precedent, except under the respective doctrines of claim preclusion, issue preclusion, the law of the case or other evidentiary doctrines applicable to the specific parties in this proceeding.

§§ 523(a)(5) and/or 523(a)(15).[2] Upon due consideration of the pleadings, the proper summary judgment evidence submitted by the parties, and the relevant legal authorities, the Court concludes that the Plaintiff has demonstrated that there is no genuine issue as to any material fact and that he is entitled to judgment as a matter of law that the debt owed to him by the Debtor, arising from the "Order in Suit to Modify Parent-Child Relationship," signed on February 26, 2015, by the 219th Judicial District Court in and for Collin County, Texas, is nondischargeable under § 523(a)(15) of the Bankruptcy Code. Thus, the Plaintiff's Motion for Summary Judgment shall be granted as to the Plaintiff's § 523(a)(15) claim and otherwise dismissed as moot.[3]

---

[2] The Plaintiff filed an amended Complaint in the above-referenced adversary proceeding on February 3, 2016 [dkt. #7] without leave of this Court, without the opposing party's written consent, and beyond the 21-day period authorized by Fed. R. Bankr. P. 7015(a). The Amended Complaint introduced additional causes of action. The Plaintiff's Motion for Summary Judgment, filed on February 22, 2016 [dkt. #8], includes the additional causes of action found in his Amended Complaint.

"[F]ailing to request leave from the court when leave is required makes a pleading more than technically deficient. The failure to obtain leave results in an amended complaint having no legal effect." *U.S. ex rel. Mathews v. HealthSouth Corp*., 332 F.3d 293, 296 (5th Cir. 2003); accord, *Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998); *Angles v. Dollar Tree Stores, Inc*., 494 Fed. App'x. 326, 329 (4th Cir. 2012); 6 CHARLES ALAN WRIGHT, ARTHUR R. MILLER, MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE - CIVIL § 1484, at 685 (2010). Because the Plaintiff's amended complaint is not authorized, and therefore has no legal effect, this Court addresses only the substantive issues raised in the Plaintiff's original complaint filed on November 17, 2015 [dkt #1].

[3] This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334. This Court has authority to enter a final judgment in this adversary proceeding since it statutorily constitutes a core proceeding as contemplated by 28 U.S.C. § 157(b)(2)(I) and meets all constitutional standards for the proper exercise of full judicial power by this Court.

## Factual and Procedural Background[4]

The Plaintiff, Jeramy Melchiorre, and the Debtor-Defendant, Kimberly Melchiorre, were previously married and were later divorced by entry of a Final Decree of Divorce on April 29, 2013 (the "Divorce Decree"), issued by the 219th Judicial District Court in and for Collin County, Texas (the "State Court") under cause no. 219-50942-2013 in a case styled as *In the Matter of the Marriage of Kimberley Melchiorre v. Jeramy Daniel Melchiorre and in the Interest of J.T.M. and C.J.M., Children.*[5]

Subsequent to the entry of the Divorce Decree, the Plaintiff filed a Motion to Modify Parent-Child Relationship in the State Court on March 6, 2014.[6] Following a trial conducted on January 21, 2015, the State Court issued an "Order in Suit to Modify Parent-Child Relationship" (the "2015 SAPCR Order").[7] The 2015 SAPCR Order, in relevant part, states:

> *Attorney's Fees*
> IT IS ORDERED that good cause exists to award Jeramy Melchiorre judgment in the amount of fifty thousand six hundred forty-six dollars and fourteen cents ($50,646.14) for reasonable and necessary attorney's fees,

---

[4] The facts presented are those which stand uncontested by and among the parties and are presented only as a general factual background to the legal claims asserted in the case. This section is not intended to resolve any disputed or contested facts.

[5] Plaintiff's Ex. D at ¶¶ 3-4.

[6] Plaintiff's Motion at ¶ 11; Defendant's Response at ¶ 7.

[7] Plaintiff's Ex. A. The 2015 SAPCR Order was pronounced and rendered on February 2, 2015, but signed by the presiding judge on February 26, 2015. The Plaintiff, Defendant and their respective attorneys, each signed the 2015 SAPCR Order. Plaintiff's Ex. A at 19-21.

> expenses, and costs incurred by Jim Mueller, with interest at 6 percent per year compounded annually from the date the judgment is due until paid. The judgment, for which let execution issue, is awarded against KIMBERLY MELCHIORRE.[8] KIMBERLY MELCHIORRE is ORDERED to pay the fees, expenses, costs, and interest to Jim Mueller, VernerBrumleyMcCurley at 3710 Rawlins St., Suite 900, DALLAS, TX 75219 by cash, cashier's check, or money order on or before December 31, 2015. Jeramy Melchiorre or his attorney may enforce this judgment for fees, expenses, and costs in the attorney's own name by any means available for the enforcement of a judgment for debt.[9]

On May 21, 2015, the Defendant filed a voluntary petition under Chapter 7 of the Bankruptcy Code in this Court.[10] She listed the debt arising from the 2015 SAPCR Order as owed to James Mueller.[11] This Schedule F entry lists Mr. Muller at the same address as listed in the 2015 SAPCR Order, with the suite number omitted.[12] The Plaintiff is not

---

[8] The correct spelling of the Defendant's given name is unclear. Though the 2015 SPACR Order omits the "e" from the last syllable, this Court has utilized a spelling of "Kimberley" based upon the spelling utilized by the Defendant in her bankruptcy petition and in her answer filed in this adversary proceeding.

[9] Plaintiff's Ex. A at 18-19. Mr. James Mueller, also referenced herein as Mr. Jim Muller or Mr. Muller, served as the attorney for the Plaintiff, Jeramy Melchiorre, in the relevant state court proceedings.

[10] Case No. 15-40939 [dkt. #1].

[11] The 2015 SAPCR Order also added "interest at 6 percent per year compounded annually from the date the judgment is due until paid." Plaintiff's Ex. A at 18-19.

[12] Case No. 15-40939 [dkt. #1] at 19. The same address for James Mueller appears in the mailing matrix tendered by the Debtor. *Id*. at 47. The Plaintiff provided three pages of the Debtor's amended schedules as Exhibit B; however, this Court takes judicial notice of the complete initial and amended schedules that the Debtor filed in her bankruptcy case.

listed as a creditor, but is referenced only in the Debtor's Statement of Financial Affairs under the subsection "Spouses or Former Spouses."[13] The Debtor's Amended Schedules D, E, and F, filed with the Court on July 30, 2015: (1) did not modify the listing of the debt to Mr. Mueller in any way;[14] and (2) added credit card debt of $2,999.81 owed to First Keystone Bank, including the Plaintiff's name and address.[15] The Debtor-Defendant was granted a discharge by this Court on August 17, 2015.[16]

On November 17, 2015, approximately three months after the Debtor's discharge, the Plaintiff initiated this adversary proceeding.[17] In his Motion for Summary Judgment, the Plaintiff asserts that there are no genuine issues of material fact and that, under such uncontested facts, he is entitled to a determination that the debt owed to him and Jim Mueller by the Debtor-Defendant, arising from the entry of the 2015 SAPCR Order, is nondischargeable under §§ 523(a)(5) and 523(a)(15).[18] The Debtor-Defendant's response

---

[13] Case No. 15-40939 [dkt #1] at 36.

[14] Plaintiff's Ex. B at 3.

[15] Plaintiff's Ex. B at 2. A letter dated July 31, 2015, was sent from Mr. Christopher Migliaccio, the Debtor's attorney of record, to the Plaintiff. The letter notified the Plaintiff of the Debtor's voluntary petition filed on May 21, 2015, the automatic stay currently in place, and possible repercussions for violations of the stay. Defendant's Ex. C.

[16] Plaintiff's Ex. C. The Certificate of Notice included with the document titled Discharge of Debtor does not indicate the Plaintiff received notice of the Debtor's discharge.

[17] Case No. 15-4094 [dkt. #1]. The Plaintiff's Complaint addresses just two causes of action: (1) Objection to Dischargeability of Debt Pursuant to 11 U.S.C. § 523(a)(5), and (2) Objection to Dischargeability of Debt Pursuant to 11 U.S.C. § 523(a)(15).

[18] The Plaintiff's Motion for Summary Judgment, filed on February 22, 2016 [dkt. #8], includes the additional causes of action also found in his Amended Complaint [dkt. #7]. Because the Plaintiff filed his Amended Complaint in a manner contrary to Federal and Local Bankruptcy Rules, *see supra*

in opposition asserts: (1) that the Plaintiff is not a creditor and has no standing to bring his complaint; (2) that the award of attorney's fees is not a "Domestic Support Obligation" as defined by § 101(14A)(A), and therefore is not excepted from discharge under § 523(a)(5); (3) that the attorney's fees were awarded to a law firm, which is not entitled to claim that its debt is nondischargeable under §§ 523(a)(5) and 523(a)(15); and (4) that the award of attorney's fees in an order to modify the parent child relationship is just a fee pertaining to legal representation, and therefore does not qualify as a "Domestic Support Obligation." Upon the submission of these pleadings, the Court took the matter under advisement.

## Discussion

*Summary Judgment Standard*

The Plaintiff brings his Motion for Summary Judgment in this adversary proceeding pursuant to Federal Rule of Bankruptcy Procedure 7056. That rule incorporates Federal Rule of Civil Procedure 56, which provides that summary judgment shall be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of

---

note 2, this Court will only address and consider the substantive issues raised by the Plaintiff's Original Complaint filed on November 17, 2015 [dkt. #1] in this Memorandum.

law."[19] The party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion, identifying those portions of the "pleadings, depositions, answers to interrogatories, and affidavits, if any," which it believes demonstrates the absence of a genuine issue of material fact.[20] The moving party asserting that a fact cannot be genuinely disputed must support that assertion by:

> (A) citing to particular parts of the materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials do not establish the ... presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.[21]

The manner in which the necessary summary judgment showing can be made depends upon which party will bear the burden of persuasion at trial. If, as in this case, the burden of persuasion is on the moving party, "that party must support [his] motion with credible evidence—using any of the materials specified in Rule 56(c)—that would entitle [him] to a directed verdict if not controverted at trial."[22] "When a summary judgment movant bears the burden of persuasion at trial (e.g., the movant is the plaintiff,

---

[19] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986), quoting FED. R. CIV. P. 56(c).

[20] *Id*. at 323.

[21] FED. R. CIV. P. 56(c).

[22] *Id*. at 331.

or the movant is a defendant asserting an affirmative defense), [he] must establish all the essential elements of h[is] claim (or defense)."[23]

If a summary judgment motion is properly supported, a party opposing the motion may not merely rest upon the contents of her pleadings, but rather must demonstrate in specific responsive pleadings the existence of specific facts constituting a genuine issue of material fact for which a trial is necessary.[24] The substantive law will identify which facts are material.[25] In her objection, the non-movant must show more than a "mere disagreement" between the parties,[26] or that there is merely "some metaphysical doubt as to the material facts."[27] Neither are unsubstantiated, conclusory assertions in the response sufficient to raise a genuine issue of material fact.[28] However, "[t]he issue of material fact which must be present in order to entitle a party to proceed to trial is not required to be resolved conclusively in favor of the party asserting its existence; rather, all that is required is that sufficient evidence supporting the claimed factual dispute be shown to

---

[23] *Birk v. Stark*, 2013 WL 1857151, at *2 (S.D. Ill. May 2, 2013) [applied to a plaintiff's affirmative claims]; *Lauterbach v. Illinois State Police*, 2015 WL 4555548, at *3 (C.D. Ill. July 28, 2015) [applied to a defendant's affirmative defense].

[24] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986), citing Fed. R. Civ. P. 56(e).

[25] *Id*.

[26] *Calpetco 1981 v. Marshall Exploration, Inc.*, 989 F.2d 1408, 1413 (5th Cir. 1993).

[27] *Matsushita Electrical Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

[28] *Jacobs v. City of Port Neches*, 7 F.Supp.2d 829, 833 (E.D. Tex. 1998) (citing *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)).

require a jury or judge to resolve the parties' differing versions of the truth at trial."[29]

The record presented is reviewed in the light most favorable to the Defendant as the nonmoving party.[30] "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'"[31] Further, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."[32]

In addition to the Rule 56 procedures outlined above, the requirements of Local State Court Rule CV–56 were also invoked by the Court for the content and determination of summary judgment motions.[33] That rule, in relevant part, directs a movant to include a Statement of Undisputed Material Facts and to support such a statement with "appropriate citations to proper summary judgment evidence."[34] It directs a respondent that any response "should be supported by appropriate citations to proper summary judgment evidence."[35] With regard to the disposition of the motion, the rule

---

[29] *Anderson*, 477 U.S. at 248-49.

[30] *Matsushita*, 475 U.S. at 587.

[31] *Id*. at 587, citing *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 289 (1968).

[32] *Anderson*, 477 U.S. at 248.

[33] See "*Scheduling Order Arising from Management Conference*" entered in this case on March 15, 2016 [dkt # 10], citing and attaching E.D. TEX. LOCAL R. CV–56.

[34] "The phrase 'appropriate citations' means that any excerpted evidentiary materials that are attached to the motion or the response should be referred to by page and, if possible, by line." *Broussard v. Oryx Energy Co.*, 110 F.Supp.2d 532, 536 (E.D. Tex. 2000) (citing E.D. TEX. LOCAL R. CV–56(d)).

[35] E.D. TEX. LOCAL R. CV–56(b).

states:

> (c) Ruling. In resolving the motion for summary judgment, the court will assume that the facts as claimed and supported by admissible evidence by the moving party are admitted to exist without controversy, *except to the extent* that such facts are controverted in the response filed in opposition to the motion, as supported by proper summary judgment evidence. The court will not scour the record in an attempt to determine whether the record contains an undesignated genuine issue of material fact for trial before entering summary judgment.[36]

A determination of whether a particular debt is dischargeable under the Bankruptcy Code is a question of federal law, although state law may inform that determination.[37] In viewing the dischargeability of debts in the domestic relations sphere in particular, the passage of the Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA") in 2005 broadened the scope of debts potentially excepted from discharge in a bankruptcy case.[38]

In this case, the Plaintiff bears the ultimate burden of persuasion with regard to the nondischargeable nature of the referenced debt. Therefore, the Plaintiff is entitled to a

---

[36] E.D. TEX. LOCAL R. CV–56(C) (emphasis added).

[37] *Grogan v. Garner,* 498 U.S. 279, 284 (1991); *Gupta v. Eastern Idaho Tumor Institute, Inc. (In re Gupta),* 394 F.3d 347, 350 (5th Cir. 2004).

[38] *Morris v. Allen (In re Morris),* 454 B.R. 660, 662 (Bankr. N.D. Tex. 2011) ["BAPCPA was meant to expand the universe of divorce-related debts excepted from discharge under 11 U.S.C. § 523(a)(5) and 11 U.S.C. § 523(a)(15)."]; *Wodark v. Wodark (In re Wodark),* 425 B.R. 834, 838 (B.A.P. 10th Cir. 2010) ["One of Congress's overarching themes in enacting BAPCPA was to redefine and reinforce the ability of non-debtor former spouses to recover both support and property settlement obligations from debtors in bankruptcy."].

summary judgment only if there exists no genuine issue of material fact as to each essential element of that cause of action. To the extent that an actual controversy does exist over a disputed fact, the finder of fact resolves any doubts and draws all reasonable inferences in favor of the non-moving party.[39]

*Plaintiff's Standing to Bring Suit*

The Defendant contends the Plaintiff lacks standing to seek summary judgment against her because she claims that her ex-spouse is not a creditor of her bankruptcy estate. In support of that proposition, the Defendant highlights that portion of the 2015 SAPCR Order which directs her "to pay the fees, expenses, costs, and interest to Jim Mueller, VernerBrumleyMcCurley at 3710 Rawlins St., Suite 900, DALLAS, TX 75219 by cash, cashier's check, or money order on or before December 31, 2015."[40]

Yet the Defendant conveniently ignores the remainder of that declaratory paragraph, wherein the State Court "award[s] Jeramy Melchiorre judgment in the amount of fifty thousand six hundred forty-six dollars and fourteen cents ($50,646.14) for reasonable and necessary attorney's fees, expenses, and costs incurred by Jim Mueller [his attorney], with interest at 6 percent per year compounded annually from the date the

---

[39] *U.S. ex rel. Longhi v. United States*, 575 F.3d 458, 465 (5th Cir. 2009).

[40] Plaintiff's Ex. A at 18-19. Such a directive is authorized by Texas law. 4 TEX. FAM. CODE §106.002(a) (Vernon 2014) provides that:

> In a suit under this title, the court may render judgment for reasonable attorney's fees and expenses and order the judgment and postjudgment interest to be paid directly to an attorney.

judgment is due until paid."[41] That paragraph also directly provides that "Jeramy Melchiorre or his attorney may enforce this judgment for fees, expenses, and costs in the attorney's own name . . . ."[42] Thus, notwithstanding the exercise of the State Court's discretion under §106.002(a) to order that the fee award be paid directly to the attorney, the judgment debt imposed against the Defendant is clearly assessed in favor of the Plaintiff, Jeramy Melchiorre, and he is expressly authorized to enforce that judgment. The means chosen by the Debtor-Defendant to reference the claim in her schedules changes nothing. The Plaintiff is clearly a creditor with standing to pursue a determination that the judgment debt is nondischargeable.[43]

*Nondischargeability Under 11 U.S.C. § 523(a)(15)*

Section 523 of the Bankruptcy Code governs that determination of whether the Defendant's debt to the Plaintiff, as articulated in the 2015 SAPCR Order, can be rendered nondischargeable. In regard to obligations arising from domestic relations cases, § 523(a)(5) exempts from discharge any "domestic support obligation" as that term is defined by § 101(14A) of the Bankruptcy Code.[44] However, even when an obligation

---

[41] *Id*. at 18.

[42] *Id*. at 19.

[43] The Bankruptcy Code defines a creditor as an "entity that has a claim against the debtor that arose at the time of or before the order of relief concerning the debtor." 11 U.S.C. § 101(10)(A).

[44] Section 101(14A) defines "domestic support obligation" as:

"[A] debt that accrues before, on, or after the date of the order for relief in a case under this title,

cannot technically meet the precise definition of a domestic support obligation ("DSO") under § 101(14A), the Bankruptcy Code now provides that an obligation

> . . .to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record. . ."[45]

is also excepted from discharge by § 523(a)(15) — a subsection of § 523(a) that was substantially amended by BAPCPA to broaden the scope of family law debts that could not be affected by the granting of a bankruptcy discharge.[46] These statutory changes, at

---

> including interest that accrues on that debt as provided under applicable nonbankruptcy law notwithstanding any other provisions of this title, that is–
>
> (A) owed to or recoverable by--
> (i) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or
> (ii) a governmental unit;
>
> (B) in the nature of alimony, maintenance, or support ... of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;
>
> (C) established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of--
> (i) a separation agreement, divorce decree, or property settlement agreement;
> (ii) an order of a court of record; or
> (iii) a determination made in accordance with applicable nonbankruptcy law by a governmental unit; ....

11 U.S.C. § 101(14A).

[45] 11 U.S.C. § 523(a)(15).

[46] *See Picco v. Wise (In re Wise)*, 2012 WL 5399075, at *5-6 (Bankr. E.D. Tex., Nov. 5, 2012) for a brief description of how BAPCPA altered the language of § 523(a)(15) by eliminating any consideration of a debtor's "ability to pay" or the use of any "balancing test."

least as applied in a Chapter 7 case,[47] render a DSO analysis unnecessary if a party can demonstrate that a particular debt would be nondischargeable under the less stringent evidentiary requirements of § 523(a)(15).[48] As one major treatise has noted,

> Thus, in individual cases under chapters 7 and 11 and in cases under chapter 12, all of which base dischargeability on the subsections of section 523(a), the distinction between a domestic support obligation and other types of obligations arising out of a marital relationship is of no practical consequence in determining the dischargeability of the debt.[49]

Therefore, the Court will initially presume that the referenced debt cannot qualify as a "domestic support obligation" that would be rendered nondischargeable under § 523(a)(5), and will instead address the dischargeability of the referenced debt pursuant to 11 U.S.C. § 523(a)(15).

In order for a non-DSO debt to be excepted from discharge under § 523(a)(15), the undisputed facts must demonstrate that: (1) the Debtor-Defendant owes the debt "to a

---

[47] "[I]n chapter 13 cases, debts encompassed by section 523(a)(5) are not dischargeable, while debts encompassed by section 523(a)(15) are dischargeable, unless the debtor obtains a hardship discharge under section 1328(b)." 4 COLLIER ON BANKRUPTCY ¶ 523.23 at p. 523-128 (16th ed. 2015); *In re Young*, 425 B.R. 811, 815 (Bankr. E.D. Tex. 2010). Among other important distinctions, in the absence of an agreement otherwise, a DSO must be addressed as a priority claim in a Chapter 13 plan pursuant to § 1322(a)(2) due to its priority status under § 507(a)(1)(A). A failure to pay a DSO in the post-petition period also precludes confirmation under § 1325(a)(8) and constitutes an independent ground for dismissal of the Chapter 13 case under § 1307(c)(11).

[48] *See, e.g., Berse v. Langman (In re Langman)*, 465 B.R. 395, 405 (Bankr. D.N.J. 2012) (internal quotations omitted) ["As a practical consequence, it is now no longer necessary for bankruptcy courts to determine the exact extent to which a state court matrimonial judgment constitutes a 'domestic support obligation' if the plaintiff can demonstrate that the judgment would be nondischargeable in any event under § 523(a)(15)"].

[49] *See* 4 COLLIER ON BANKRUPTCY ¶ 523.23 at p. 523-126-27 (16th ed. 2015).

spouse, former spouse, or child of the debtor" and (2) that she incurred such debt "in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit."[50] With regard to whether the relevant debt is owed to either a "spouse, former spouse, or child of the debtor," the State Court's 2015 SAPCR Order states that "good cause exists to award Jeramy Melchiorre judgment . . . for reasonable and necessary attorney's fees, expenses, and cost incurred by Jim Mueller, " and the "judgment . . . is awarded against KIMBERLY MELCHIORRE."[51] The order also states "KIMBERLY MELCHIORRE is ORDERED to pay the fees, expenses, costs and interest to Jim Mueller," and "Jeramy Melchiorre or his attorney may enforce this judgment . . . in the attorney's own name by any means available for the enforcement of a judgment debt"[52] The Order could not be clearer that the Plaintiff is the party to whom this Defendant owes the judgment amount. Thus, the first prong of the § 523(a)(15) analysis is satisfied.[53]

---

[50] 11 U.S.C. § 523(a)(15).

[51] Plaintiff's Ex. A at 18-19.

[52] *Id*.

[53] The fact that the State Court utilized §106.002 of the Texas Family Code to direct payment to the Plaintiff's attorney does not change this analysis. *See, e.g., Howerton v. Howerton (In re Howerton)*, 2013 WL 4505368, at *3 (Bankr. N.D. Ga., July 19, 2013) (*citing Koscielski v. Koscielski (In re Koscielski*), 2011 WL 338634 (Bankr. N.D. Ill., Jan. 31, 2011)); *Morris,* 454 B.R. at 663 ["The majority of cases . . . have rejected the literal interpretation of section 523(a)(5) and (15) and have expanded the statutory language to cover the attorneys of the former spouse on the basis that the former spouse's expenses of collection are part of the underlying obligation and the debt is actually owed to the former spouse."]; *Panos & Assoc., LLC v. Mitchell (In re Mitchell),* 2013 WL 2422694 at * 6 (Bankr. N.D. Ill.

With regard to the remaining § 523(a)(15) factor, it is equally clear that the debt owing to the Plaintiff for the recovery of attorney's fees under the State Court's order was clearly assessed against, and incurred by, the Defendant "in connection with a . . . divorce decree or other order of a court of record,"[54] such as the State Court. As one court recently observed in finding legal fees awarded in a post-divorce custody modification suit to be nondischargeable under § 523(a)(15):

> [T]he defendant's argument that the plaintiff is not entitled to a favorable § 523(a)(15) judgment because the legal fees were not incurred during a divorce proceeding is unpersuasive. The defendant's reading of § 523(a)(15) is too myopic. Section 523(a)(15) is broader than the defendant alleges because it addresses debt that is incurred "in the course of a divorce or separation *or in connection with* a separation agreement, divorce decree or *other order of a court of record.*"[55]

---

June 4, 2013) [finding that a "non-debtor spouse's attorney's fees awarded directly to the attorney satisfy the requirement in § 523(a)(15) that the debt be to a spouse, former spouse, or child of the debtor."]; *Contreras-Eckstrom v. Eckstrom (In re Eckstrom)*, 2011 WL 5591648 (Bankr. N.D. Cal., Nov. 16, 2011) ["Direct payments to an attorney may be deemed to be an obligation to the former spouse where it would be exalting form over substance to fail to treat it as such."].

[54] 11 U.S.C. § 523(a)(15).

[55] *Lustgarten v. Vann (In re Vann)*, 2014 WL 505257 at *3 (Bankr. D. Conn. Feb. 6, 2014) (emphasis in original). *See also, Taylor v. Taylor (In re Taylor)*, 478 B.R. 419, 427 (B.A.P. 10th Cir. 2012), *aff'd*, 737 F.3d 670 (10th Cir. 2013) [finding that a debt to an ex-spouse arising from an award of overpaid support and attorney's fees in a spousal support modification action arose "in connection with a separation agreement, divorce decree or other order of a court of record"]; *Morris*, 454 B.R. at 663 [finding that the prosecution of a post-divorce enforcement proceeding was made "in connection with" the prior divorce decree]; *Reissig v. Gruber (In re Gruber)*, 436 B.R. 39, 44 (Bankr. N.D. Ohio 2010) [finding that an award of attorney's fees issued in a post-divorce modification action to modify support and the parenting plan was made in a "post-divorce proceeding," thus qualifying the award as a debt incurred "in connection with" the parties' divorce decree]; *Howerton*, 2013 WL 4505368, at *4 [holding that fees awarded to ex-spouse in defending her rights against a post-divorce modification attempt was issued "in connection with" a divorce decree]; *Davis v. Hosterman (In re Hosterman)*, 2007 WL 2973592 at *6 (Bankr. N.D. Okla., Oct. 9, 2007) [post-divorce enforcement of hold-harmless agreement

Thus, the Defendant's contention that § 523(a)(15) cannot encompass an order arising from a suit to modify the terms of a parent-child relationship, merely because it is not an original proceeding to establish such parental rights, must be rejected.[56] Regardless of whether the Plaintiff's March 2014 Motion to Modify Parent-Child Relationship[57] was initiated to enforce compliance with the existing Divorce Decree (enforcement),[58] or to alter the existing Divorce Decree (modification),[59] the attorney's fees specifically awarded in the 2015 SAPCR Order were undoubtedly awarded *"in connection with"* a divorce decree or other order of a court of record, as that term is used in § 523(a)(15). Thus, the Court concludes that, particularly in light of the specific language utilized by the State Court,[60] the requirements needed to render nondischargeable the underlying debt of the Defendant to the Plaintiff pursuant to § 523(a)(15) are fully satisfied by the 2015 SAPCR Order.

---

was "in connection with" divorce decree].

[56] *Picco v. Wise (In re Wise)*, 2012 WL 5399075 (Bankr. E.D. Tex., Nov. 5, 2012) does not hold otherwise. The fact that the debt in *Picco* happened to arise from a final divorce decree and that language in that opinion references that fact does not preclude the proper application of the statute in other appropriate contexts.

[57] Plaintiff's Motion at ¶ 11; Defendant's Response at ¶ 7.

[58] *Fisher v. Santry (In re Santry)*, 481 B.R. 824, 831-32 (Bankr. N.D. Ga. 2012).

[59] *Howerton*, 2013 WL 4505368, at *3.

[60] Plaintiff's Ex. A at 18-19.

## Conclusion

Accordingly, upon due consideration of the pleadings, the proper summary judgment evidence submitted, the material facts admitted to exist under Fed. R. Bankr. P. 56 and E.D. Tex. Local R. CV-56(c), the relevant legal authorities, and for the reasons set forth herein, the Court concludes that there is no genuine issue as to any material fact and that the Plaintiff, Jeramy Melchiorre, is entitled to summary judgment that the debt owed to him by the Debtor-Defendant, Kimberley J. Melchiorre, arising from the entry of the 2015 SAPCR Order should be declared nondischargeable pursuant to 11 U.S.C. §523(a)(15). Thus, the Plaintiff's Motion for Summary Judgment will be granted to that extent and the issues raised therein concerning 11 U.S.C. §523(a)(5) are rendered moot. An appropriate order and judgment will be entered which is consistent with this opinion.

Signed on 04/20/2016

THE HONORABLE BILL PARKER
UNITED STATES BANKRUPTCY JUDGE